**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KWAME O. HILL,

                **Petitioner,**

        **v.**                           **CASE NO.  14-3062-SAC**

STATE OF KANSAS,
et al.,

                **Respondents.**


**MEMORANDUM AND ORDER**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a Kansas prison inmate.  Having examined the materials filed, the court finds that petitioner has not satisfied the statutory filing fee and that the petition is subject to being dismissed as "mixed", that is as containing unexhausted as well as exhausted claims.  Petitioner is given time to satisfy the fee and the option of either dismissing his unexhausted claim or dismissing his mixed petition.


**FILING FEE**

The statutory fee for filing a federal habeas corpus petition is $5.00.  Petitioner has neither paid the fee nor submitted a properly-supported motion to proceed in forma pauperis (IFP).  This action may not proceed unless the filing fee is satisfied in one of these two ways.  A prisoner seeking to proceed IFP must submit a

motion upon court-approved forms containing an affidavit that includes a statement of the prisoner's assets. 28 U.S.C. § 1915(a)(1). In addition, he must submit a certified accounting of the funds available to him in his institutional account. D.Kan.Rule 9.1(g);[1] see also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter HC Rules)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). The clerk shall send forms to petitioner for filing a proper IFP motion. If Mr. Hill does not satisfy the filing fee within the prescribed time, this action may be dismissed without further notice.

**BACKGROUND**

In 2010, Mr. Hill was convicted upon trial by jury in the District Court of Sedgwick County, Wichita, Kansas, of two counts of rape. Mr. Hill represented himself at trial. He was sentenced on August 12, 2010, to 272 months in prison. He appealed to the

---

[1]    D.Kan.Rule 9.1(g)(2)(A) provides:

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

2

Kansas Court of Appeals (KCA), which affirmed on September 28, 2012. See *State v. Hill*, 285 P.3d 1045, 2012 WL 4677701 (Kan.App. 2012). The Kansas Supreme Court (KSC) denied his Petition for Review on July 19, 2013. Mr. Hill states that, other than his direct appeal, he has not filed any post-conviction petitions or motions concerning these convictions in state court.[2]

## CLAIMS AND EXHAUSTION

As Ground (1), Mr. Hill claims that the trial court erred in not granting his June 2010 request for new counsel. In support he alleges that his relationship with the "public defenders office" had "deteriorated beyond any reconciliation" and the matter was "too complicated" for him to have proceeded without proper counsel. As Ground (2), petitioner claims that the State failed to present "sufficient evidence to prove two of the three alternative means of committing each rape." In support he alleges that there was no evidence that he put his finger or an object in the victim's vagina. As Ground (3), petitioner claims prosecutorial misconduct. In support, he alleges that the State commented in court upon his failure to testify. As Ground (4) petitioner claims that the district court violated *Apprendi v. New Jersey* and his Sixth and Fourteenth Amendment rights when it enhanced his sentence based upon his prior

---

[2]    However, petitioner states in response to questions regarding exhaustion that he filed a Motion for New Trial, which was denied on April 8, 2011, and that he did not appeal that decision.

criminal history.  In support, petitioner alleges that his prior

convictions were not included in the complaint and proven to the jury

beyond a reasonable doubt.

With respect to exhaustion, Mr. Hill alleges that he presented

Grounds (2), (3) and (4) on direct appeal.  However, as to Ground

(1), he alleges that he did not raise this issue on direct appeal.

He explains that his "new lawyer" did not raise the issue and told

petitioner he did not need his help when petitioner "wrote and asked."

He states that he raised this issue in his motion for new trial that

was denied and not appealed.  The court is asked to grant a new trial.


**DISCUSSION**

It has long been established that a state prisoner is required

to fully and properly "exhaust" all remedies available in the state

courts before he files a federal habeas corpus petition.  28 U.S.C.

§ 2254(b)(1).[3]  This is because "[a] state prisoner must give the

state courts an opportunity to act on his claims before he presents

those claims to a federal court in a habeas petition."  *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 842 (1999).  Generally, the exhaustion

prerequisite is not satisfied unless all claims asserted have been

presented by "invoking one complete round of the State's established

_____

[3]     28 U.S.C. § 2254(b)(1) provides:

        An application for a writ of habeas corpus on behalf of a person in
        custody pursuant to the judgment of a State court shall not be granted
        unless it appears that B- (A) the applicant has exhausted the remedies
        available in the courts of the State. . . .

appellate review process."  *Id*. at 845.  In Kansas, this means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  It is the petitioner's burden to prove that prior to filing his petition in federal court he fully exhausted all state court remedies on each of his claims.

It is equally well-established that a § 2254 petition that contains a claim that has not been fully and properly exhausted must be dismissed.  *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).  After AEDPA became applicable, the United States Supreme Court continued to hold that "[u]nder [*Rose*], federal district courts must dismiss mixed petitions."  *Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose*, 455 U.S. at 522).  The Supreme Court in *Burton*, 549 U.S. 147, 154 (2007) explained:

> The plurality opinion in *Rose v. Lundy*, (citation omitted), stated that district courts should dismiss "mixed petitions"-those with exhausted and unexhausted claims-and that petitioners with such petitions have two options. They may withdraw a mixed petition, exhaust the remaining claims, and return to district court with a fully exhausted petition. We have held that in such circumstances the later filed petition would not be "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 485-486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
>
> Alternatively, prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.  (Citations omitted).

*Id.* at 154. Strict enforcement of the exhaustion prerequisite

encourages habeas petitioners to exhaust all of their claims in state

court and to present the federal court with a single habeas petition.

Both the courts and prisoners benefit from the exhaustion

prerequisite's reduction in piecemeal litigation and the federal

court's more focused and thorough review of all claims in a single

proceeding. See *Rose*, 455 U.S. at 519-20. Requiring dismissal of

petitions containing both exhausted and unexhausted claims also

relieves the district court of the difficult if not impossible task

of deciding whether or not claims are related and reduces the

temptation to consider unexhausted claims. *Rose*, 455 U.S. at 519.

Furthermore, the Supreme Court has cautioned that:

> The combined effect of *Rose* and AEDPA's limitations period
> is that if a petitioner comes to federal court with a mixed
> petition toward the end of the limitations period, a
> dismissal of his mixed petition could result in the loss
> of all his claims-including those already exhausted. . .
> .

*Pliler*, 542 U.S. at 230.

Petitioner's own allegations indicate that he did not raise

Ground (1) on direct appeal and that he did not exhaust this issue

by filing a proper state post-conviction motion in the trial court

the denial of which was then appealed to the Kansas Court of Appeals

and ultimately to the Kansas Supreme Court.[4] The court therefore

---

4    The Tenth Circuit Court of Appeals has opined that *Rose* in part "was
superseded by statute . . . upon the passage of (AEDPA), (and) codified in relevant
part at 28 U.S.C. 2254(b)(2)," which states that "[a]n application for a writ of

finds that this petition is "mixed" and subject to dismissal on this basis.

Mr. Hill is reminded that there is a one-year statute of limitations applicable to federal habeas corpus petitions. See 28 U.S.C. § 2244(d)(1). He is further advised that if this § 2254 petition is dismissed without prejudice, the time that it was pending before dismissal does not toll that one-year statute of limitations. On the other hand, a "properly-filed" state post-conviction motion "with respect to the pertinent judgment or claim" does have a tolling effect. See 28 U.S.C. § 2244(d)(2). Thus, if petitioner wishes to pursue his unexhausted claim, he would be wise to immediately file a state post-conviction motion in the trial court.

Because his petition is "mixed, Mr. Hill has two main options in this action: (1) he may notify the court to dismiss this federal petition without prejudice so that he can return to state court and exhaust his unexhausted claim, and after he has exhausted he may submit a new federal petition that raises all his claims; or (2) he may notify the court to dismiss his unexhausted claim, and he may then continue to proceed in this federal action upon his three

---

habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Rudolph v. Galetka*, 208 F.3d 227, *1 (10th Cir., Mar. 21, 2000, Table). The Tenth Circuit further stated, "This section allows federal district courts entertaining habeas petitions which contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner." This court is not prepared at this time to dismiss all of petitioner's claims on the merits.

exhausted claims only.[5]  Mr. Hill is cautioned that if he chooses the

first option, he must diligently keep track of the progress of his

new state post-conviction proceedings and timely file any federal

petition upon their completion.  Mr. Hill is cautioned that if he

chooses the second option to proceed in this action on his three

exhausted claims only, then any subsequent attempt to seek federal

court review of his other claim after exhaustion would likely be

barred as second or successive.  See 28 U.S.C. § 2244(b)(2).

Petitioner is given time to notify the court to either (1)

dismiss the instant petition without prejudice so that he may exhaust

his unexhausted claim in the state courts, or (2) dismiss his

unexhausted claim so that he may proceed in this action on his

exhausted claims only.  If petitioner fails to notify the court of

one of these two options within the prescribed time, this action may

be dismissed without further notice because the petition is mixed.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30)

in which to satisfy the filing fee by either paying the fee or

submitting a properly-supported motion for leave to proceed in forma

pauperis.

**IT IS FURTHER ORDERED** that within the same thirty-day period

---

[5]  The facts before the court do not indicate stay and abeyance would be
appropriate at this time.  See *Rhines v. Weber*, 544 U.S. 269 (2005).  As the
Supreme Court explained, stay and abeyance should "be available only in limited
circumstances."  *Id*. at 277.  The Court also directed that "stay and abeyance is
only appropriate when the district court determines there was good cause for the
petitioner's failure to exhaust his claims first in state court."  *Id*.  There is
no indication of good cause for petitioner's failure to exhaust his state court
remedies.

petitioner must notify the court to either dismiss the instant action without prejudice or dismiss his unexhausted claim.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**